UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF

Pedro Nunez ) IN PROCEEDINGS UNDER CHAPTER 13
) Case No.   09-33439
) Date:      April 19, 2010

FIRST AMENDED CHAPTER 13 PLAN

1.      The debtor submits all or such portion of his future income to the control of the Trustee as is necessary for the execution of the plan. The debtor or debtor's employer shall pay to the Trustee the sum $829.17   each month for    60    months.

a.   Adequate Protection payments:  In the event this plan proposes to pay the balance of a loan secured by the debtor's personal property; then prior to the confirmation of this plan, the debtor must make monthly adequate protection payments directly to the creditor holding the secured claim.  Said payments may be deducted from the payment to be made to the Trustee. Upon confirmation said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to this plan. ***Debtor shall make adequate protection payments to _____ in the amount of $_____ per month.***

b.   Domestic Support Obligation:  The debtor shall pay current domestic support obligations, as defined in 11 U.S.C. $101(14A), outside the plan as directed by any and all applicable state and/or federal court orders/

2.      From the payments so received, the Trustee shall make disbursements as follows:

a. <u>PRIORITY CLAIMS</u>: All claims entitled to priority under 11 U.S.C. 507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. 1322 (a) (2) and (a)(4)

b. <u>SECURED CLAIMS</u>: Pro rata with the above payments, payments to secured creditor whose claims are duly proved and allowed, together with interest, if applicable, as herein set forth.11 U.S.C. 506(a) or 522(f), as follows:

Mortgage arrearage of $39,330.98 due to CHIF+0%

Water Use Lien of $3573.43. due to RWA +18%

The following secured claims have either been deemed unsecured pursuant to Bankruptcy Court order dated        pursuant to 11 U.S.C. $506(a) or $522(f), or will be deemed unsecured pursuant to 11 U.S.C. Sec. 522(f)after motion, notice, hearing, and further order of the court as follows:

| Creditor | Claim | Allowed Secured | Allowed Unsecured |
|---|---|---|---|

The debtor shall continue to pay current mortgage payments and current real estate taxes.

c. <u>GENERAL UNSECURED CLAIMS</u>: Pro rate with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

General unsecured claims, (including the foregoing secured claims deemed to be unsecured by virtue of 11 U.S.C. 506 (a) or 522 (f),   shall be paid not less than __0___%. If the debtor's estate is found to be solvent general unsecured claims, which are not tax claims, shall

be paid 100 % plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims, shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law. No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b) (2). The total of all general unsecured claims is $7,133.58.

  3. The following executory contracts of the debtor(s) are rejected: NONE.

  4. Other terms of the plan: NONE.

  5. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim, if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

  6. With respect to each allowed secured claim:

  a. The holder of such claim shall retain the lien securing such claim until the earlier of (1) the payment of the underlying debt determined under nonbankruptcy law or (2) discharge under Section 1328; and

  b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

  c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of effective date of the plan) of the property upon which such creditor has an enforceable lien.

  7. Payments to the Trustee shall be made in installments conforming to the debtors payment periods over a period of __60__ months, in such amounts as may be requires to provides for the payment of all costs of the administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims,

and payments to unsecured creditors as hereinbefore provided. The debtor total payments to the Trustee shall not be less than $49,750.53

8. Title to the debtors property shall revest in the debtor(s) upon the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However, no property received by the Trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay all allowed claims as provided in the plan.

9. The amount of the debtor's attorney fees already paid outside the plan is $

10. Questions regarding this plan may be directed to the attorney for the debtor(s).

Date: April 21, 2010

Debtor

/s/   Pedro Nunez

/s/ Peter L. Ressler

Peter L. Ressler
Attorney for the Debtor
Groob, Ressler & Mulqueen, P.C.
123 York Street
New Haven, Connecticut 06511
Telephone No. (203) 777-5741